# IN THE SUPREME COURT OF THE STATE OF NEVADA

KOUROSH SCOTT LASHOURI,
Appellant,
vs.
THE STATE OF NEVADA,
Respondent.

No. 72205

FILED

JUN 08 2018

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY S. Young
DEPUTY CLERK

## ORDER OF REVERSAL AND REMAND

This is an appeal from a judgment of conviction, pursuant to an *Alford* plea, of attempted lewdness with a child under fourteen years of age. First Judicial District Court, Carson City; James E. Wilson, Judge.

On appeal, Kourosh Lashouri argues that his Presentence Investigation Report (PSI) sentencing recommendation constituted impalpable or highly suspect evidence improperly relied upon by the district court. Lashouri contends that the procedures used by the Parole & Probation Division to score defendants are improperly subjective. Additionally, Lashouri argues that the district court abused its discretion by preventing testimony from a former Division employee, Cherie Konvicka, who would have testified at Lashouri's sentencing hearing about the bell curve under which the scores were calculated.

Upon reviewing the parties' arguments, we hold that the district court abused its discretion by failing to allow Konvicka to testify. "[A] defendant [has] the right to object to factual [or methodological] errors in [sentencing forms], so long as he or she objects before sentencing, and allows the district court to strike information that is based on 'impalpable or highly suspect evidence.'" *Blankenship v. State*, 132 Nev., Adv. Op. 50, 375 P.3d 407, 412 (2016) (alterations in original) (quoting *Sasser v. State*,

18-21815

130 Nev. 387, 394-95, 324 P.3d 1221, 1226 (2014)). Here, Lashouri properly objected to his PSI prior to his sentencing and argued before the district court that the PSI constituted impalpable or highly suspect evidence. Additionally, Lashouri presented evidence that, despite multiple corrections made to his PSI, a new bell curve adopted just prior to his amended PSI placed him in a category that denied probation. While district courts generally have wide discretion to determine the admissibility of testimony, *see Brant v. State*, 130 Nev. 980, 984, 340 P.3d 576, 579 (2014), such discretion cannot come at the cost of a defendant's right to contest the validity of their PSIs, *see Blankenship*, 132 Nev., Adv. Op. 50, 375 P.3d at 412. It was part of Lashouri's theory at sentencing that Konvicka's testimony regarding the bell curve could further support his argument that the PSIs constituted impalpable or highly suspect evidence. While we do not speak to the weight of that evidence, nor the ultimate result in Lashouri's sentencing, we do hold that Lashouri had the right to present his case and, in doing so, present Konvicka as a witness.[1] Accordingly, we

---

[1]We acknowledge the district court's concession that it would consider the second PSI in light of the original scoring methodology. However, such a concession does not act as a substitute for consideration of the barred testimony without an express disavowal of the allegedly suspect evidence about which the witness would have testified. *See Blankenship*, 132 Nev., Adv. Op. 50, 375 P.3d at 409 (holding that any potential error in the PSI was considered harmless where "the district court expressly disclaimed reliance on the PSI recommendation, reaching an independent sentencing decision").

ORDER the judgment of conviction REVERSED AND REMAND this matter to the district court for sentencing proceedings consistent with this order.

_____, J.
Pickering

_____, J.
Gibbons

_____, J.
Hardesty

cc: Hon. James E. Wilson, District Judge
State Public Defender/Carson City
Attorney General/Carson City
Carson City District Attorney
Carson City Clerk